IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DENNIS HOOD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-102-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Dennis Hood ("Petitioner"). For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time-barred.

**I.   BACKGROUND**

On September 29, 1983, Petitioner was charged by Indictment in Potter County, Texas, with burglary of a habitation, with an enhancement resulting from a prior felony offense. (ECF 11-1 at 15-16). On October 11, 1983, Petitioner's criminal case was tried before a jury in the 181st District Court of Potter County, Texas, under Cause No. 22,513-B, and the jury found petitioner guilty of the offense of burglary of a habitation with intent to commit theft and assessed his punishment at 30 years. (ECF 11-3 at 82, 86). On that same date, the jury sentenced Petitioner to 30 years imprisonment in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division, and the state trial court accepted the jury's verdict and sentence, then entered a corresponding judgment. (ECF 11-3 at 86-88).

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. *Hood v. State*, No. 7-83-0279-CR (ECF 11-3 at 89). On May 22,

1985, the intermediate state appellate court affirmed the judgment of conviction. (*Id.*). Petitioner did not seek review of the intermediate state appellate court's decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals. Petitioner filed a post-conviction state habeas-corpus application in 1987 challenging his conviction, to no avail. (ECF 11-3 at 3).

While on parole, on November 17, 1994, Petitioner was charged by Indictment in Potter County, Texas, with aggravated sexual assault of a child under the age of 14 years. (ECF 10-1 at 5, 11-4 at 28). On July 10, 1996, Petitioner's criminal case was tried before a jury in the 181st District Court of Potter County, Texas, under Cause No. 34,455-B, and the jury found Petitioner guilty of the offense of aggravated sexual assault and assessed his punishment at 65 years. (ECF 11-4 at 36, 40). The trial court accepted the jury's verdict and sentence, and entered a corresponding judgment sentencing Petitioner to 65 years imprisonment in the TDCJ to run consecutively to his previous sentence (in Cause No. 22,513-B) for burglary of a habitation. (ECF 10-1 at 6, 11-4 at 42).

Petitioner filed a direct appeal of his 1996 conviction and sentence to the Court of Appeals for the Seventh District of Texas. *Hood v. State*, No. 7-96-00230-CR (ECF 11-4 at 47). On April 29, 1997, the intermediate state appellate court reversed Petitioner's conviction for aggravated sexual assault and remanded the matter for further proceedings. *Hood v. State*, 944 S.W.2d 743 (Tex. App.—Amarillo 1997, no pet.).

On June 25, 2002, Petitioner was re-indicted by the grand jury in Potter County, Texas, for the offense of aggravated sexual assault of a child under the age of 14 years. (ECF 11-5 at 143).[1] The Indictment included two sentence-enhancement allegations concerning Petitioner's previous

---

[1] Petitioner was actually re-indicted on July 2, 1997, with the addition of the punishment-enhancing paragraphs. The Indictment, however, contained some technical errors leading to the second re-indictment on June 25, 2002. (ECF 11-8 at 191).

convictions of felony offenses. (*Id.*). On December 16, 2002, Petitioner's criminal case was tried before a jury in the 181st District Court of Potter County, Texas, in Cause No. 45,506-B, and the jury found petitioner guilty of the offense of aggravated sexual assault and assessed his punishment at life after considering the enhancements. (ECF 11-8 at 175, 180-81). On December 18, 2002, the trial court accepted the jury's verdict and sentence, then entered a corresponding judgment. (ECF 11-8 at 180). The trial court ordered that Petitioner's sentence in Cause No. 45,506-B was consecutive to his sentence in Cause No. 22,513-B, and would begin to run when the sentence in Cause No. 22,513-B was completed. (ECF 11-8 at 181).

Petitioner filed a direct appeal of his 2002 conviction and sentence to the Court of Appeals for the Seventh District of Texas. *Hood v. State*, 2004 WL 573827 (Tex. App.—Amarillo 2004). After exercising its discretionary authority to review, the Court of Criminal Appeals affirmed the judgment of the Court of Appeals. *Hood v. State*, 185 S.W.3d 445 (Tex. Crim. App. 2006), *reh'g denied* (March 29, 2006).

On May 7, 2019, Petitioner filed an application for habeas corpus relief in this Court. (ECF 3).[2] Petitioner is not challenging any of his convictions and sentences. Rather, he is challenging the calculation of parole and/or mandatory release eligibility on consecutive sentences. Petitioner raises as his sole ground for relief that he was "[d]enied due process in cause 45,506-B because cause 22,513-B [has not] been calculated 'cease to operate' in order to begin service cause 45,506-B." (ECF 3 at 6). In his reply to the Respondent's motion to dismiss, Petitioner reiterates that he is challenging the fact that Texas has taken his parole or mandatory release eligibility and thereby altered and increased his punishment violating his due process rights. (ECF 14).

On December 17, 2018, Petitioner filed one state habeas application raising the same issues

---

[2] A federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

asserted in his federal habeas petition. (ECF 11-11 at 8). The Texas Court of Criminal Appeals denied the application without written order on April 17, 2019. (ECF 11-9).

## II.   STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## III.   RESPONSIVE PLEADINGS

On August 26, 2019, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time-barred. (ECF 10). The answer briefed the applicable statutory and case law regarding the one-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitations period. Respondent

also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*). On September 23, 2019, Petitioner filed a reply. (ECF 14).

## IV. ANALYSIS

As previously explained, Petitioner's claim does not relate to his underlying convictions for burglary of a habitation or aggravated sexual assault, but to the calculation of parole and/or mandatory release eligibility on his consecutive sentences. Thus, the date that his state convictions became final in Cause No. 22,513-B and Cause No. 45,506-B does not enter into this Court's analysis of the timeliness of his federal petition. *See generally* 28 U.S.C. § 2244(d)(1)(A). Rather, the undersigned finds that the limitations period to be applied to Petitioner's petition is governed by 28 U.S.C. § 2244(d)(1)(D) and began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Petitioner was sentenced to a consecutive sentence on December 18, 2002. On that date, the trial court ordered that his 2002 sentence in Cause No. 45,506-B was consecutive to his 1983 sentence in Cause No. 22,513-B, and would begin to run when the sentence in Cause No. 22,513-B was completed, and entered judgment accordingly. (ECF 11-8 at 181).

The law that Petitioner challenges was in effect on the date he received his consecutive sentence; therefore, the factual predicate of his claim could have been discovered through the exercise of due diligence on the date of his sentence on December 18, 2002. *See Ex parte Ruthart*, 980 S.W.2d 469, 473 (Tex. Crim. App. 1998) (finding that "an inmate serving consecutive sentences is not eligible for mandatory supervision on any but the last of his consecutive sentences"); *see also Camacho v. Cockrell*, No. CIV. A. 102CV237C, 2003 WL 21756233, at *1 (N.D. Tex. July 17, 2003) (where petitioner challenged the calculation of his parole and mandatory release eligibility on consecutive sentences, holding that federal habeas petition filed August 2, 2002, was time-barred since petitioner was sentenced to a consecutive sentence on March 29, 2001,

5

and under 28 U.S.C. § 2244(d)(1)(D), the factual predicate of his claim could have been discovered through the exercise of due diligence on that date; thus, his petition was due one year later, on March 29, 2002); *Rogers v. Thaler*, No. CIV. A. H-08-3168, 2009 WL 4249856, at *4 (S.D. Tex. Nov. 16, 2009) (where petitioner challenged the calculation of his mandatory release eligibility on consecutive sentences, holding that federal habeas petition filed October 7, 2008, was time-barred because petitioner was sentenced to a consecutive sentence on December 4, 2000, and under 28 U.S.C. § 2244(d)(1)(D), the factual predicate of his claim could have been discovered through the exercise of due diligence on that date and his petition was due one year later, on December 4, 2001).

In sum, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations began to run on December 18, 2002, the date on which the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence. Petitioner's federal habeas petition was due one year later on December 18, 2003. Petitioner waited until May 7, 2019, to file his petition.

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2). The one-year limitations period began on December 18, 2002. The limitations period ended on December 18, 2003, but Petitioner waited until May 7, 2019, before filing his federal petition. Petitioner's state application did not toll the limitations period because Petitioner filed it on December 17, 2018, after the limitations period had ended.

Therefore, Petitioner's federal habeas petition is time-barred.[3]

---

[3] Respondent lists August 20, 2014, as the latest date the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence. Specifically, on May 23, 2014, Petitioner filed a previous federal habeas case challenging a state prison disciplinary decision. (ECF 10-1 at 21, Docket Sheet in *Hood v. Stephens*, Civil Action No. 2:14-cv-0124). On May 27, 2014, the United States Magistrate Judge issued a report and recommendation recommending that the habeas application be denied because Petitioner was not eligible for mandatory supervised release and, therefore, could not challenge a state disciplinary action. (ECF 10-1 at 19). Petitioner filed objections claiming he was, in fact, eligible for mandatory supervised release because on the date of the disciplinary infraction, he was serving only his mandatory

Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Petitioner from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Additionally, Petitioner's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Petitioner has not shown that he did not know of the factual predicate of his claim earlier. 28 U.S.C. § 2244(d)(1)(D). His claim relates to the imposition of a consecutive sentence that took place on December 18, 2002, and the calculation of his sentence. He reasonably should have been aware of the claim at that time or, at the very latest on August 20, 2014, as argued by Respondent, *see supra* note 3.

## V.     **EQUITABLE TOLLING**

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is

---

supervision-eligible sentence for burglary of a habitation in Cause No. 22,513-B. (ECF 10-1 at 24-27). On August 20, 2014, the district court overruled Petitioner's objections, adopted the report and recommendation, and denied the petition. (ECF 10-1 at 19). In so ruling, the district court rejected Petitioner's argument that he was only serving his sentence for burglary of a habitation in Cause No. 22,513-B and found that "on the date of the disciplinary infraction, [Petitioner] was serving an aggregate or combined life sentence (a 30-year sentence for burglary of a habitation, and a life sentence for aggravated sexual assault) and was not eligible for release on mandatory supervision." (*Id.*).

The undersigned has found that the statute of limitation began to run on December 18, 2002, the date on which the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence. In the alternative, the undersigned agrees with Respondent that, at the very latest, and resolving all doubts in Petitioner's favor, Petitioner was informed on August 20, 2014, during this previous federal habeas case, that the law governing his sentences required them to be treated as one single sentence. At the latest, therefore, Petitioner knew the factual basis for his claim by August 20, 2014, and any federal challenge to how his sentences were being calculated was due one year later, on August 20, 2015, absent statutory tolling. 28 U.S.C. § 2244(d). Petitioner, however, waited until May 7, 2019, before filing his federal petition. Petitioner's state application did not toll the limitations period because Petitioner filed it on December 17, 2018, after the limitations period had ended. Therefore, Petitioner's federal habeas petition is time-barred under either analysis.

7

entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitations period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner asserts in his reply that "his claim is not time-barred." (ECF 14 at 1). He contends that his prior federal habeas petitions did not relate to mandatory supervision eligibility. He states that he filed a federal habeas case on May 19, 2008, and it pertained only to his conviction in Cause No. 45,506-B and did not contain any ground of error about mandatory supervision eligibility. He states that his federal habeas case No. 2:14-cv-00124-J-BB was filed on May 23, 2014, and only pertained to a disciplinary action and "had nothing to do with being eligible for mandatory supervision or receiving any information regarding Cause Numbers 22,513-B and 45,506-B being treated as one . . . ." (ECF 14 at 2).

While Petitioner argues that his claim is not time-barred, he has not identified any grounds for equitable tolling and the record does not disclose any basis to apply equitable tolling. Petitioner

8

does not even attempt to explain his delays in this case. Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions, or conditions prevented him from timely seeking post-conviction relief from his conviction.

## VI.   RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed August 26, 2019 (ECF 10), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner DENNIS HOOD be DISMISSED with prejudice as time-barred.

## VII.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 30, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

9

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).